I concur with that portion of the majority's opinion that reverses the trial court's decision that the father satisfied the life insurance requirement of the Florida judgment by obtaining the policy of record in this case. I also concur with the reversal of that portion of the trial court's judgment that ordered the father to reimburse the mother for only 50% of the children's dental expenses. I respectfully dissent, however, from the majority's affirmance of the other portions of the trial court's judgment. I would reverse the judgment in all respects.
I believe that the trial court erred by not imputing child care expenses to the mother. *Page 412 
The majority cites no authority for the following holding:
 "We do not agree with the mother that she is entitled to have her imputed income reduced by the amount she says she was spending for child care, but we do conclude that child care expenses should have been a factor in the trial court's child support calculations contemplated by the guidelines."
If a court can impute income to a mother who decides to stay at home to raise four children, I see no reason why it cannot "impute" to the mother the cost of the child care expenses she would have incurred if she had been working. It is unclear to me why the majority allows the entire amount of the mother's former income to be imputed to her, but allows consideration of the mother's former child care expenses only as "a factor."
I also believe that the trial court erred by considering the father's May 1993 payment of $1,676 as a reduction of his child support arrearage. A Florida judgment decreed that, as of October 22, 1993, the father had an arrearage of $5,804.20. The father is making a collateral attack on that judgment by arguing to an Alabama court that, as of October 22, 1993, his arrearage was really less than that decreed by the Florida court. The father should have made that argument in the Florida court. Principles of res judicata and full faith and credit prevent him from making it in Alabama. See Disctronics Ltd. v.Disc Mfg., Inc., 686 So.2d 1154 (Ala. 1996).
 "The Full Faith and Credit Clause is basically a constitutional rule of res judicata. It requires that a state court respect the final judgments issued by the courts of other states. In other words, '[t]he general rule is that this command requires the judgment of a sister State to be given full, not partial, credit in the State of the forum.' New York v. Halvey, 330 U.S. 610, 614, 67 S.Ct. 903, 906, 91 L.Ed. 1133 (1947)."
Disctronics, 686 So.2d at 1161.